[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

RECEIVED
DEC 06 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

Jeffrey C Wickert )
_____ )
                     )
Plaintiff(s),        )   Case 1:19-cv-08009
                     )   Judge: Edmond E. Chang
v. NAPLETON'S        )   Magistrate Judge: Jeffrey Cole
_____ )
                     )
_____ )
Defendant(s).        )

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Jeff C Wickert__ of the county of _____ in the state of __IL__.

3. The defendant is __NAPLETON__, whose street address is __110 W GOLF RD__,
(city) __SCHAUMBURG__ (county) _____ (state) __IL__ (ZIP) __60195__
(Defendant's telephone number) (__847__) - __285-5363__

4. The plaintiff sought employment or was employed by the defendant at (street address) _____ (city) _____
(county) _____ (state) _____ (ZIP code) _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016



[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☑ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) __1__, (day) __6__, (year) __2017__.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐*has* ☑*has not* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month) __7__ (day) __2__ (year) __18__.

        (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☑ No, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

defendant asserting the acts of discrimination indicated in this court complaint.

☐ Yes (month)_____ (day)_____ (year)_____

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month)_____

(day) _____ (year) _____.

(c) Attached is a copy of the

(i) Complaint of Employment Discrimination,

☑ Yes ☐ No, but a copy will be filed within 14 days.

(ii) Final Agency Decision

☐ Yes ☐ N0, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

(a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

(b) ☐ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month)____7____ (day)__2__ (year)__18__ a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

(a) ☐ Age (Age Discrimination Employment Act).

(b) ☐ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

    (c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
    (a) ☐ failed to hire the plaintiff.

    (b) ☑ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☑ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I Jeff Wickert was in major car accident on 1-1-17 and due to injures was put on bed rest from Dr. and was told by employer to work anyways I Jeff Wickert did 3 days and was not able to work and was fired over the phone

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☐ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (a)   ☐ Direct the defendant to hire the plaintiff.

    (b)   ☐ Direct the defendant to re-employ the plaintiff.

    (c)   ☐ Direct the defendant to promote the plaintiff.

    (d)   ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

    (e)   ☑ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

    (f)   ☐ Direct the defendant to (specify): _____

    _____

    _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☐ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

_Jeff Cwickert_
(Plaintiff's signature)

_Jeff Cwickert_
(Plaintiff's name)

_5510 Heather LN_
(Plaintiff's street address)

(City) _Thornsborg_ (State) _IL_ (ZIP) _60051_

(Plaintiff's telephone number) (_224_) - _223-4157_

Date: _12-5-19_

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Jeffrey Wickert
c/o LAW OFFICES OF HELEN BLOCH, P.C.
33 North LaSalle Street, Suite 3200
Chicago, IL 60602

From: Chicago District Office
230 S. Dearborn
Suite 1866
Chicago, IL 60604

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

EEOC Charge No.: 440-2018-06393
EEOC Representative: Brandi Kraft, Investigator
Telephone No.: (312) 872-9662

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Julianne Bowman,
District Director

9-11-19
(Date Mailed)

Enclosures(s)

cc: NAPLETON'S ELGIN MOTORS HOLDING INC. D/B/A
NAPLETON'S ELGIN
c/o Rohit Sahgal, Esq.
120 E. Ogden Ave., Suite 118
Hinsdale, IL 60521

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

Illinois Department of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jeffrey Wickert, Mr. | (224) 223-4157 | 10/1/73 |

Street Address: 5510 Heather Lane, Johnsburg, IL 60051

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NAPLETON'S ELGIN MOTORS HOLDING INC. D/B/A NAPLETON'S ELGIN KIA | App. 250 | (847) 717-8800 |

Street Address: 909 E Chicago St, Elgin, IL 60120

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NORTHWESTERN CHRYSLER-PLYMOUTH SALES, INC. | App. 250 | (773) 334-3400 |

Street Address: 5950 N Western Ave, Chicago, IL 60659

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 1/2/18  Latest: 1/11/18
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

NAME OF EMPLOYERS CONTINUED: NAPLETON SCHAUMBURG MOTORS, INC. F/K/A SCHAUMBURG CHRYSLER-PLYMOUTH, INC. D/B/A SCHAUMBURG MAZDA. App. 250 EMPLOYEES. 110 W Golf Rd, Schaumburg, IL 60195. (847) 285-5363.

NORTH AMERICAN AUTOMOTIVE SERVICES, INC. D/B/A NAPLETON AUTOMOTIVE GROUP. App. 250 EMPLOYEES. 10400 W Higgins Rd, Rosemont, IL 60018. (847) 825-1800.

SEE ATTACHED CHARGE OF DISCRIMINATION AND RETALIATION BASED ON DISABILITY.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

7-2-18 / [signature] Charging Party Signature

NOTARY — When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 7/2/18

OFFICIAL SEAL
REBECCA THOMPSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/14/21

# CHARGE OF DISCRIMINATION AND RETALIATION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT AND THE ILLINOIS HUMAN RIGHTS ACT FILED BEFORE THE EEOC AND IDHR

## JEFFREY WICKERT v. NAPLETON'S ELGIN MOTORS HOLDING INC. d/b/a NAPLETON'S ELGIN KIA; NORTHWESTERN CHRYSLER-PLYMOUTH SALES, INC.; NAPLETON SCHAUMBURG MOTORS, INC. f/k/a SCHAUMBURG CHRYSLER-PLYMOUTH, INC. d/b/a SCHAUMBURG MAZDA; and NORTH AMERICAN AUTOMOTIVE SERVICES, INC. d/b/a NAPLETON AUTOMOTIVE GROUP

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A. ISSUES/BASIS

January 3-6 2018: Failure to engage in the interactive process under the ADA. For instance, when on January 3, 2016 I gave my employer a doctors note that I was too disabled to work and needed a few days off, I was told I must continue to work. The requirement to work continued during the week despite my doctor advising that I should not work and that I was taking narcotic medication that made it unsafe for me to work. My employer never asked whether I needed an accommodation despite me putting my employer on notice that I needed to be accommodated.

January 6, 2018: Terminated as a result of a disability.

January 6, 2018: Retaliation on account of a disability- was fired in retaliation for advising that I was too disabled to come into work on January 6th.

January 2-11, 2018: Retaliated for being too disabled to work – pay was reduced and/or was not paid for certain days in retaliation for being disabled.

II. B. PRIMA FACIE ALLEGATIONS

1) NAPLETON'S ELGIN MOTORS HOLDING INC. d/b/a NAPLETON'S ELGIN KIA; NORTHWESTERN CHRYSLER-PLYMOUTH SALES, INC.; NAPLETON SCHAUMBURG MOTORS, INC. f/k/a SCHAUMBURG CHRYSLER-PLYMOUTH, INC. d/b/a SCHAUMBURG MAZDA; and NORTH AMERICAN AUTOMOTIVE SERVICES, INC. d/b/a NAPLETON

1

AUTOMOTIVE GROUP ("Napleton's") hired me on December 26, 2016 to be its Kia Service Manager at its Elgin location.

2) Previously, Napleton retained me in or about 2006 to work as a service manager in a different location: four years later it terminated me upon my return from an FMLA leave in 2010 when my mother passed away.

3) My work performance met my employer's legitimate expectations.

4) In fact, as a result of my work Napleton's saved money: I succeeded in getting an audit reduced shortly before it terminated me due to being disabled.

5) Napleton's told me on a number of occasions that it was happy with my performance and that I made a lot of money for the company.

6) Napleton's service center for which I was responsible saw revenues increase by over ½ a million dollars upon me becoming the manager.

7) Under my management gross sales saw record highs of 2.5 million dollars.

8) Napleton's enjoyed my hard work- I was putting in 12-15 hour days.

9) Napleton's paid a base salary to me plus a 5% commission based on gross parts and labor sold. Also, I was to be paid for holidays, such as New Years, and 5 days of sick time for the time I missed work due to illness.

10) Unfortunately, on January 1, 2018, I was in a serious car accident in which I injured multiple body parts.

11) On the same day as the car accident I exchanged text messages with my employer in which I told my employer "I was in a car crash I'm beat up." My employer responded "oh my god I'm sorry to hear that, what happened?" I then explained to my employer what happened in the car accident.

12) The next day on January 2, 2018 I was in too much pain to work so I called in sick.

13) The following day on January 3rd I went to work and then left work to go to my primary care doctor. Dr. Behnke gave me a note that stated, "Jeff was seen by me today for injuries after car accident. May not work until Monday 1/8/18."

14) The doctor explained to me that since my back, neck and other body parts were injured in the car accident I needed to stay home to rest for a few days.

2

15) On the same day, January 3rd, I gave the note to Napleton's manager Alan Nunez and then went home.

16) Later on January 3rd, Napleton's contacted me at 1:00 p.m. and told me that I had to return to work.

17) Contrary to my doctor's note, the excruciating pain I was experiencing, and despite that I was taking Norco, narcotic medication, which made it unsafe for me to drive and work, my employer, insisted that I continue to work.

18) Even with the excruciating pain and effects from the medication, I worked part time on Thursday January 4th and Friday January 5th.

19) On those days, January 4th and 5th, I did not want to work but my employer insisted that I come into work. For fear of losing my job, I did the best that I could and thus worked partial days.

20) On January 6th, I was in so much pain that I simply could not move.

21) I texted my employer asking about eligibility for short-term disability.

22) In response, Napleton's terminated me on January 6, 2018.

23) When Napleton's terminated me over the telephone on January 6th it gave me the pretextual reason that Napleton's and I "were moving in different directions."

24) Later, Napleton's told my attorney that it terminated me because it was unhappy with my customer service reviews, which again was a mere pretext for its termination of me since my customer service reviews actually increased as of the date it terminated me.

25) At no time did my employer offer FMLA to me even though it distributed an FMLA policy to employees as part of its Information Handbook for Employees.

26) Despite my request for time off, my employer failed to allow me to take FMLA even though it has a FMLA policy.

27) Moreover, it failed to accommodate my medical condition by allowing me to take a few days off of work per my doctor's instruction.

28) To add insult to injury, when I received my final paycheck on January 11, 2018, my employer retaliated against me for my disability by docking my pay.

3